1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     Walter J. Rosales, et al.,                          No. 2:20-cv-00521-KJM-KJN

12                          Plaintiffs,                     ORDER

13          v.

14     United States Department of the Interior, et al.,

15                          Defendants.

16

17          Three years ago, this court dismissed a lawsuit by several Native American lineal

18     descendants and former leaders of the Jamul Indian Village. *See Rosales v. Dutschke*,

19     279 F. Supp. 3d 1084 (E.D. Cal. 2017).  According to their complaint, the defendants had

20     disinterred and removed their family members' remains while constructing a casino or had not

21     prevented the disinterment. *See id.* at 1088.  The court dismissed the case because some of the

22     defendants were immune from suit and because a necessary party, the Jamul Indian Village,

23     could not be joined. *See id.* at 1090–94.

24          The plaintiffs appealed, and the Ninth Circuit affirmed in an unpublished memorandum

25     disposition. *See Rosales v. Dutschke*, 878 F. App'x 406 (9th Cir. 2019).  It began by explaining

26     that the case was the third by the same plaintiff based on the same basic allegations. *See id.* at

27     407 (citing *Rosales v. United States*, No. 07-0624, 2007 WL 4233060, at \*5–10 (S.D. Cal. Nov.

28     28, 2007), *appeal dismissed for failure to prosecute*, No. 08-55207 (9th Cir. Aug. 12, 2008);

                                                   1

1   *Rosales v. Dep't of Transp.*, No. D066585, 2016 WL 124647, at \*1–3 (Cal. Ct. App. Jan. 12,

2   2016) (unpublished).  Each of those cases had also been dismissed for failure to join the Jamul

3   Indian Village.  *See id.*  The Circuit agreed that the Jamul Indian Village was a necessary party in

4   the third case as well, and it held this court had not abused its discretion in dismissing the case for

5   failure to join the Jamul Indian Village.  *See id.* at 407–08.

6          The plaintiffs then filed this action, which asserts very similar claims against some of the

7   same defendants, including the United States Department of the Interior and two administrators at

8   the Bureau of Indian Affairs.  *See* Compl., ECF No. 1.  The plaintiffs are represented by Patrick

9   Webb, the same attorney who represented them in the previous action.  The court has related the

10  two cases.  *See* Related Case Order, ECF No. 9.  The defendants moved to dismiss, arguing

11  among other things that the previous dismissal was preclusive and that the Jamul Indian Village

12  remained an indispensable party.  ECF No. 12.  Rather than opposing the motion, the plaintiffs

13  added several dozen paragraphs and pages to their complaint.  *See* First Am. Compl., ECF

14  No. 14.  The defendants moved again to dismiss.  *See* Mot., ECF No. 19.  That motion is fully

15  briefed and the court submitted it without argument.  *See* Opp'n, ECF No. 22;[1] Reply, ECF

16  No. 26;[2] Minute Order, ECF No. 25.

17         The operative, amended complaint is overlong, argumentative and unclear.  It includes

18  more than 231 paragraphs and spans more than 70 pages.  Many of its paragraphs contain legal

19  arguments and lengthy quotations rather than allegations.  It is difficult to understand which

20  arguments support what legal claims against whom and why.  Mr. Webb filed similarly lengthy,

21  argumentative pleadings in the previous case he litigated on behalf of the same plaintiffs.  *See*

---

[1] The plaintiffs' opposition brief was untimely.  *See* Notice, ECF No. 21; Response, ECF No. 24.  The court permits the untimely filing *nunc pro tunc* because the defendants appear not to have been significantly prejudiced by the delay.  Untimely briefs may be stricken in the future.

[2] The plaintiffs also filed a "Response" to the defendants' reply without first seeking leave to do so.  ECF No. 27.  The court construes the response as a notice of the Supreme Court's decision in *Tanzin v. Tanvir*, 141 S. Ct. 486 (2020), but otherwise disregards the legal arguments included in that notice as an impermissible supplemental brief.  *See* Standing Order at 3, ECF No. 10-1 ("No supplemental brief shall be filed without prior leave of court." (emphasis omitted)).  The plaintiffs are cautioned that the filing of impermissible briefs may subject them and their counsel to sanctions in the future.

1    *Rosales v. Dutschke*, No. 15-1145, 2016 WL 1756962, at *1 (E.D. Cal. May 3, 2016).  There, the

2    court warned that such pleadings are subject to dismissal without leave to amend under Rules 8(a)

3    and 41(b).  *See id.* at *3 (citing *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d

4    1047, 1058–59 (9th Cir. 2011), and *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996)).

5              **The court thus orders as follows:**

6              1. The first amended complaint is **dismissed with leave to amend** for failure to comply

7    with Rule 8(a).

8              2. The motion to dismiss at ECF No. 19 is **denied as moot**.

9              3. Any amended complaint must be filed **within twenty-one days** and may not include

10   more than twenty pages.  *See Rosales*, 2016 WL 1756962, at *3 (imposing same limitation).  No

11   defendants may be joined and no claims may be added without prior leave of this court.  The

12   plaintiffs and their counsel are cautioned that a further amended complaint may be subject to

13   dismissal without leave to amend if it again falls short of the Rule 8 standard or the limitations

14   imposed in this order.  *See, e.g.*, *Cafasso*, 637 F.3d at 1058–59; *McHenry*, 84 F.3d at 1178–79.

15             4. In filing any further amended complaint, counsel is also cautioned to consider the

16   arguments raised in the defendants' motion to dismiss and is reminded of the obligations imposed

17   by the Local Rules, *see, e.g.*, E.D. Cal. L.R. 180(e), and the Federal Rules of Civil Procedure, *see,*

18   *e.g.*, Fed. R. Civ. P. 11(b)(1)–(3).

19             5. If a further amended complaint is filed, the court will review it first.  Pending the

20   court's review, the defendants are excused from their obligation to answer, move under Rule 12,

21   or file any responsive pleading until a further order of this court.  *Cf. Hearns v. San Bernardino*

22   *Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008) (advising a similar remedy to avoid the

23   prejudice of repetitive and unnecessarily lengthy complaints).  At the defendants' election,

24   however, they may give notice they renew their motion to dismiss, ECF No. 19, **within fourteen**

25   **days** after any further amended complaint is filed.  If that motion is renewed, it will be submitted

26   on the briefs already filed at ECF Nos. 22, 26 and 27 without a hearing.

27   /////

28

1    6. The plaintiffs and Mr. Webb are **ordered to show cause within 14 days** why they

2  should not be ordered to compensate the defendants for their own and their attorneys' time spent

3  responding to the original and first amended complaints.  *See* 28 U.S.C § 1927 ("Any attorney or

4  other person admitted to conduct cases in any court of the United States or any Territory thereof

5  who so multiplies the proceedings in any case unreasonably and vexatiously may be required by

6  the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred

7  because of such conduct."); Fed. R. Civ. P. 11(c)(1) ("If, after notice and a reasonable opportunity

8  to respond, the court determines that Rule 11(b) has been violated, the court may impose an

9  appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for

10  the violation."); *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997)

11  ("When a losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,

12  sanctions under the court's inherent powers may take the form of attorney's fees." (citation and

13  quotation marks omitted)).

14    7.  All other dates and deadlines are **vacated**.

15    This order resolves ECF No. 19.

16    IT IS SO ORDERED.

17  DATED:  January 21, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE

4