UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Walter J. Rosales, et al., | No. 2:20-cv-00521-KJM-KJN |
| Plaintiffs, | ORDER |
| v. | |
| United States Department of Interior, et al., | |
| Defendants. | |

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff who does not comply with this rule risks sanctions, including dismissal with prejudice. *See* Fed. R. Civ. P. 41(b); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1981). Dismissal with prejudice is a "severe" sanction to be sure. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). Sometimes it is the right one. That is true here, as explained below. This action is **dismissed with prejudice**.

The operative complaint in this case, the second amended complaint, is relatively short, reaching only 17 pages, but it does not contain a plain statement of the plaintiffs' claims. ECF No. 31. The first claim for relief, asserted on pages 7 to 13, alleges the defendants are liable under the Federal Tort Claims Act and the Administrative Procedure Act for violating the following federal and state constitutions, laws, and regulations:

1

- Unspecified provisions of the United States Constitution;
- The American Indian Religious Freedom Act;
- The Religious Freedom Restoration Act;
- The Religious Land Use and Institutionalized Persons Act;
- The Native American Graves Protection and Repatriation Act;
- The Archeological Resources Protection Act;
- More than ten sections in Title 25 and Title 43 of the Code of Federal Regulations;
- The July 2, 1965 Secretarial Order of the Department of the Interior, published at 30 Fed. Reg. 8722;
- Article I, sections 1, 3, 4, 7, 13, 19, 24, and 31 of the California Constitution;
- Nine sections of the California Health and Safety Code;
- Several sections of the California Public Resources Code;
- Two sections of the California Penal Code; and
- California common law.

In addition to these violations, the first claim alleges the defendants are liable for failing to enforce California laws and regulations, including the following:

- Eleven sections of the California Health and Safety Code;
- Nine sections of the California Public Resources Code;
- Two sections of the California Penal Code; and
- A section of the California Code of Regulations.

The remainder of the complaint rests on these same allegations. The plaintiffs incorporate all of them into their remaining claims by reference. *See* Second Am. Compl. ¶¶ 61, 65, 70. Two of their remaining claims are also expressly derivative of their first. In their second claim, the plaintiffs allege the defendants violated fiduciary duties, trust responsibility, and common law trust duties when they violated the laws and regulations listed in their first claim. *Id.* ¶ 62. In their fourth claim, they request a declaration of their rights under the statutes listed in their other claims. *See id.* ¶ 72. The third claim is not so jumbled and is not expressly derivative, but it also relies on vague theories of legal rights with roots in a mass of statutes and regulations. *See id.*

2

¶ 66 (alleging plaintiffs enjoyed protections of 25 U.S.C. § 3001(13), 25 U.S.C. § 3002, 43 C.F.R. § 10.2(d)(1) & (2), 43 C.F.R. §10.6(a)(1), 43 C.F.R. § 10.15(a)(1), California Health & Safety Code §§ 7001 & 7100, and California Public Resources Code §§ 5097.9–5097.994).

The complaint names four plaintiffs and fourteen defendants, including the United States, the United States Department of the Interior, the Regional Director of the Pacific Region of the Bureau of Indian Affairs, and the former Chief Environmental Director of the Environment Division of the Bureau of Indian Affairs. *See id.* ¶¶ 11–14. The remaining defendants are unknown Doe defendants. *See id.* ¶ 15. The complaint does not explain who the Doe defendants are, what they allegedly did, and why their identities are unknown. *See id.* ¶ 15. All four plaintiffs assert all of their claims against all fourteen defendants. The plaintiffs do not draw distinctions between or among any defendants in any of their allegations. The complaint refers to the defendants jointly. It is also unclear whether the plaintiffs intend to sue the individual defendants—either the known or unknown defendants—in their official capacities, in their personal capacities, or both. These allegations do not comply with Rule 8. They are not at all plain; rather they are impenetrable.

When a district court decides whether to dismiss a complaint with prejudice based on a violation of Rule 8, it must keep several considerations in mind: (1) if a less drastic remedy is available, (2) whether "public policy strongly favors" the resolution of the dispute on its merits, (3) "whether dismissal would severely penalize plaintiffs for their counsels' bad behavior," and (4) whether the plaintiffs acted deceptively, willfully, in bad faith, or in a way to "interfere with the rightful decision of the case." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008) (citations, quotation marks, and alterations omitted). In the broader context of Rule 41(b), the Ninth Circuit has also instructed district courts to consider (5) the "public's interest in expeditious resolution of litigation," (6) "the court's need to manage its docket," and (7) "the risk of prejudice to the defendants." *Thompson*, 782 F.2d at 831 . All of these considerations weigh in favor of dismissal here.

First, a less drastic remedy than dismissal with prejudice would not suffice. This is not the first time these plaintiffs and their counsel have filed a complaint that falls short of Rule 8(a).

3

1    The court dismissed a complaint they filed in a previous case against some of the same
2    defendants because that pleading was needlessly complicated, confusing, caustic, and
3    argumentative.  *See Rosales v. Dutschke*, No. 15-01145, 2016 WL 1756962, at *1 (E.D. Cal.
4    May 3, 2016).  The court granted leave to amend, but cautioned that any amended complaint
5    could be dismissed without leave to amend if it again fell short of Rule 8.  *Id.* at *3.  The court in
6    fact dismissed a further amended complaint without leave to amend, and the dismissal was
7    affirmed on appeal.  *See Rosales v. Dutschke*, 279 F. Supp. 3d 1084, 1094 (E.D. Cal. 2017), *aff'd*,
8    787 F. App'x 406 (9th Cir. 2019) (unpublished).  The plaintiffs then filed this action.  *See* Compl,
9    ECF No. 1.  After the defendants moved to dismiss, the plaintiffs amended their complaint,
10   adding hundreds of paragraphs and dozens of pages.  *See* First Am. Compl., ECF No. 14.  The
11   defendants then renewed their motion to dismiss, which this court granted for violating Rule 8(a).
12   *See* Prev. Order at 2, ECF No. 28.  It was "difficult to understand which arguments support[ed]
13   what legal claims against whom and why."  *Id.*  As in the previous action, the court permitted an
14   amendment, but it warned the plaintiffs and their counsel "that a further amended complaint may
15   be subject to dismissal without leave to amend if it again fell short of the Rule 8 standard," and
16   the court ordered the plaintiffs and their counsel to show cause why monetary sanctions should
17   not be imposed.  *Id.* at 3–4.  Again, however, despite these warnings, plaintiffs again filed a
18   complaint without the "plain statement" required by Rule 8(a).

19           Second, public policy does not strongly favor the resolution of this case on its merits.
20   This action is one of many others like it, all unsuccessful and all based on similar claims about the
21   construction of a casino on land owned by the Jamul Indian Village.  *See id.* at 1–2 (citing
22   previously dismissed actions).  In each of these disputes, the plaintiffs have alleged their families'
23   remains were wrongly disinterred.  *See id.*  Several courts, including this court, have held that
24   these cases cannot be resolved without joining the Jamul Indian Village as a defendant, but that
25   the Jamul Indian Village cannot be joined because it enjoys sovereign immunity.  *See Rosales*,
26   279 F. Supp. 3d 1084; *Rosales v. United States*, No. 07-0624, 2007 WL 4233060, at *5–10 (S.D.
27   Cal. Nov. 28 28, 2007), *appeal dismissed for failure to prosecute*, No. 08-55207 (9th Cir.
28   Aug. 12, 2008); *Rosales v. Dep't of Transp.*, No. D066585, 2016 WL 124647, at *1–3 (Cal. Ct.

App. Jan. 12, 2016) (unpublished). The status of the Jamul Indian Village as a federally recognized Indian tribe has also been litigated extensively in challenges to the casino's construction. The Ninth Circuit recently surveyed the history of these disputes. *See generally Jamul Action Comm. v. Simermeyer*, 974 F.3d 984 (9th Cir. 2020). It held that the Jamul Indian Village is a federally recognized Indian tribe and is protected by sovereign immunity. *See id.* at 988–89. For that reason, it affirmed the dismissal of several claims that could not be litigated without joining the Jamul Indian Village as a party. *See id.*; *see also Jamul Action Comm. v. Stevens*, No. 13-01920, 2014 WL 3853148, at *15–18 (E.D. Cal. Aug. 5, 2014). Assuming the court could even reach the merits here, doing so would likely be an end run around these decisions.

Third, dismissal with prejudice would not unjustly punish the plaintiffs for their counsel's actions. For the reasons discussed in the previous paragraph, this court likely could not address the merits of their legal claims even if counsel had drafted a complaint that complied with Rule 8(a).

Fourth, the court finds the amended complaint was not presented in good faith. "[I]t would appear that [plaintiff's counsel] was attempting to write a confusing statement of a non-existing cause of action rather than a 'short plaint statement of the claim showing that the pleader is entitled to relief.'" *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (quoting previous version of Rule 8(a)). The court can discern no reason for the inclusion of so many ambiguous legal theories other than an intent to overcomplicate and obscure given the prior litigation history.

Fifth, the public's interest in an expeditious resolution weighs in favor of dismissal. This case cannot be resolved expeditiously without a short and plain statement explaining why the plaintiffs are entitled to relief.

Sixth, dismissal with prejudice is necessary to manage this court's docket. Confusing complaints unnecessarily burden the courts who must spend time deciphering them and then managing the needless pretrial motion practice and uncertainty those pleadings create. *See McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996). Careful analysis of confusing

complaints takes time "away from more deserving litigants waiting in line." *Id.* This factor favors dismissal with prejudice.

Finally, the court can perceive no prejudice that dismissal with prejudice would cause the defendants, and they have cited none. In fact, they have requested that this action be dismissed with prejudice because the plaintiffs have "already received ample opportunities to rectify the many jurisdictional, pleading, and other defects" that have led to past dismissals. Mem. P. & A.. at 20, ECF No. 19-1.

In short, it would work an injustice if this action were to continue. *See Nevijel*, 651 F.2d at 674 (affirming dismissal of similarly confusing and ambiguous but relatively short complaint under Rule 8(a)); *Schmidt*, 614 F.2d at 1224 (same). **This action is dismissed with prejudice under Rule 41(b) for failure to comply with Rule 8(a)(2).** Because the court imposes this sanction, it declines to impose monetary sanctions. **The order to show cause at ECF No. 28 is discharged**.

IT IS SO ORDERED.

DATED: June 6, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE